IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ralph Vernon George,<br>*aka* Ralph V. George,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Laurens County Jail; Ricky Chastain,<br>*Sheriff*; Director Mjr. Hudson; Captain<br>J. Tyson; H. Wood; Sargent Ridings;<br>1 Unknown Defendant, Control Room;<br>Lt. Sullivan; Sargent Hardy; and<br>Officer Dolittle,<br><br>　　　　　　　　Defendants. | Civil Action No. 6:14-2066-JFA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

　　　　Plaintiff is a pretrial detainee at the Laurens County "Jail" (Detention Center) in Laurens, South Carolina. Plaintiff has brought suit against the Laurens County Detention Center ("LCDC"), the Sheriff of Laurens County, and eight LCDC employees. Plaintiff states that the issues in the case are violation of First Amendment rights and "due process with threats + intimidation" (doc. 1 at 2).

　　　　The "STATEMENT OF CLAIM" portion of the Complaint indicates that this civil right action arises out of Plaintiff's inability to attend a "church service" on March 14,

2014, at the detention center as a result of the delay in the opening of Plaintiff's cell door after inmates wishing to attend the service were directed to assemble at the pod entrance (doc. 1 at 3). By the time Plaintiff's cell door was opened and Plaintiff reached the pod entrance, another pod was opened and Plaintiff was not allowed to attend the church service (doc. 1 at 3).

This civil rights action also concerns a delay in delivery of Plaintiff's canteen order from the detention center canteen on one Friday night. Plaintiff placed a canteen order "on time," and the money for the order was deducted from Plaintiff's canteen account. When the canteen "pass out" took place in the Plaintiff's pod, Plaintiff's order was not included (doc. 1 at 3). Plaintiff apprised the distributing officer, who told Plaintiff that his canteen order had been mistakenly routed to a different pod in the detention center and that Plaintiff would receive his canteen purchase within the next fifteen minutes. The predicted fifteen-minute delay was more than two hours (doc. 1 at 3–4). Plaintiff complained to officer on duty and stated that he would ask for a grievance (doc. 1 at 4). According to Plaintiff, Sergeant Ridings threatened Plaintiff with being placed in "lockup" if he filled a grievance (doc. 1 at 4). Plaintiff received his canteen purchase several hours late (doc. 1 at 4).

The third issue raised by Plaintiff took place on Saturday, May 3, 2014, which according to Plaintiff was a "regular church service day." (doc. 1 at 4). Plaintiff was apprised that the "missionaries" dictated who would be allowed into the service, not the security staff. Officer Dolittle brought to Plaintiff request to staff forms and "slammed them on the desk with the comment that they would be trashed after he received them back" (doc. 1 at 4). Plaintiff later attempted to by-pass Officer Dolittle by submitting the requests to staff to Lt. Sullivan, who told Plaintiff it would do no good to submit the request (doc. 1 at 4). Plaintiff, however, then held his request to staff paper "up" so that

the "security camera would record this event" (doc. 1 at 4). According to Plaintiff, "when she noticed my action to [*sic*] she accepted it" (doc. 1 at 4–5).

Part V (the "Relief" portion) of the Complaint contains no request for relief. Instead, Plaintiff contends that his constitutional rights were violation by: (1) refusal of religious freedom; (2) refusal of due process; (3) refusal to answer requests at all or in a timely manner; (4) use of threats of physical harm, administrative segregation, and loss of privileges, including visits, phone calls, and (5) tampering of the U.S. Mail service (doc. 1 at 5). Part V of the Complaint also contains the notation "see attached!" (doc. 1 at 5). There are no attachments to the Complaint.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The LCDC is subject to summary dismissal because it is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. The LCDC is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the LCDC is not a "person" subject to suit under 42 U.S.C. § 1983, *see Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008)

3

(collecting cases), and is, therefore, therefore, entitled to summary dismissal as a party defendant.

The Complaint reveals that Plaintiff was prevented from attending a church service on March 14, 2014, as a result of the delay in opening the door by the control room officer. This officer, presumably, is the officer listed in the caption of the Complaint and "1 unknown defendant (control room)" (doc. 1 at 1) and in the party information on page 2 as "1 unknown defendant who was in the control room" (doc. 1 at 2). The misdirecting of Plaintiff's canteen purchase to the wrong pod is the result of an error. These allegations, at best, show negligence on the part of the unknown control room officer and canteen staff. Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

The alleged failure to process Plaintiff's request to staff or grievances by Officer Dolittle is not actionable. Prisoners do not have a constitutionally protected right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977), and any alleged problems with the request to staff or grievance procedure do not state a cognizable Section 1983 claim. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). In any event, Plaintiff's answers on page 2 of the Complaint indicate that his Inmate Request "was investigated and approved" (doc. 1 at 2). Moreover, Plaintiff's holding up the request to staff in front of the security camera on May 3, 2014, appears to have eliminated any alleged reluctance on the part of Lt. Sullivan to accept the request to staff (doc. 1 at 3–4). With respect to the filing of this case in federal court, Plaintiff was

not prejudiced because inmates are not required to demonstrate exhaustion of jail or prison remedies before filing a civil rights action in federal court. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints"); and *Anderson v. XYZ Corr. Health Servs*, 407 F.3d 674, 683 (4th Cir. 2005).

Plaintiff states that the "missionaries," not security staff, dictated who would be allowed into the religious service on Saturday, May 3, 2014. No detention center policy is an issue in this case with respect to the religious service conducted by the "missionaries" on that date. As result, it is not necessary for this court to undertake an analysis under cases such as *Lovelace v. Lee*, 472 F.3d 174 (4th Cir. 2006) (RLUIPA analysis), or *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Plaintiff also alleges verbal harassment and threats, which are not actionable under Section 1983. *See Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 557 (D.S.C. 2008) ("Moreover, the alleged verbal harassment, which is expressly alleged in the original complaint and alluded to in the amended complaint, does not constitute the violation of any federally protected right."); and *McKinnedy v. Kee-Lippe*, Civil Action No. 6:10-2298-HMH-KFM, 2012 WL 848283, at *6 (D.S.C. Jan. 30, 2012), *adopted by* 2012 WL 847306 (D.S.C. Mar. 13, 2012), *aff'd*, No. 12-6950, 479 F. App'x 523 (4th Cir. Oct. 2, 2012).

Although Plaintiff alleges "Tampering of the U.S. Mail service" in Part V of the Complaint (doc. 1 at 5), no mail tampering is alleged in his factual allegations. Finally, no relief is requested in Part V of the Complaint. As a result, this case has become, in effect, a request for an advisory opinion. *See FCC v. Pacifica Found.*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."); and *Maddox v Cnty. of Spartanburg, S.C.*, Civil Action No. 7:13-

126-GRA-KFM, 2013 WL 3894840 (D.S.C. July 24, 2013) ("When a plaintiff has failed to ask for relief, a federal district court 'is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions....'").

   Based upon the foregoing, It is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

June 19, 2014                      s/ Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge


**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).