UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph Vernon George, | C/A No. 6:14-2066-JFA-KFM |
| Plaintiff, | |
| v. | ORDER |
| Laurens County Jail; Ricky Chastain, Sheriff; Director Major Hudson; Captain J. Tyson; H. Wood; Sargeant Ridings; 1 Unknown Defendant, Control Room; Lt. Sullivan; Sargeant Hardy; and Officer Doolittle, | |
| Defendants. | |

The *pro se* plaintiff, Ralph Vernon George, is a pretrial detainee at the Laurens County Jail (LCJ). He brings this action pursuant to 42 U.S.C. § 1983 raising claims that his constitutional rights were violated. He contends that he was refused religious freedom; refused due process; refused timely answers to his questions; received threats; and had his mail tampered with.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be dismissed for a variety of reasons.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 19, 104.  The plaintiff filed timely objections wherein he argues that if this case were summarily dismissed, it would encourage the abuses of plaintiff's constitutional rights.  He then reiterates the claims he made in his original complaint.

The Magistrate Judge first opines that defendant Laurens County Jail is subject to summary dismissal because it is not a "person" subject to suit pursuant to 42 U.S.C. § 1983.

Next, the Magistrate Judge suggests that the alleged prevention of the plaintiff from attending church service and misdirection of his canteen order, at best, show negligence on the part of the unknown control room officer and canteen staff.  Negligence is not actionable under § 1983.

With regard to the alleged failure to process plaintiff's requests to staff or grievances by Officer Doolittle, the Magistrate Judge properly concludes that prisoners do not have a constitutionally protected right to a grievance procedure.  Moreover, the grievance was eventually investigated and approved.

The Magistrate Judge is correct in his conclusion that plaintiff's allegations of verbal harassment and threats are not actionable under § 1983.

Finally, the Magistrate Judge suggests that no mail tampering is alleged by the plaintiff in his factual allegations and that no relief is requested in Part V of the complaint. As this would request the court to issue an advisory opinion, which it cannot do, this claim is also subject to summary dismissal.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, and the plaintiff's objections to the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process due to frivolousness.

IT IS SO ORDERED.

October 20, 2014                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge